UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
  FLORENCE F. SMITH,

                  Plaintiff,

                  v.

  ALAN J. WAINTRAUB, MARK
  PARTNOW, and SHAY KRAUSZ,

                  Defendants.
------------------------------------------------------------- X

**MEMORANDUM AND ORDER**
22-CV-5612 (RPK) (RLM)

RACHEL P. KOVNER, United States District Judge.

     *Pro se* plaintiff Florence F. Smith brings this action challenging a loan repayment proceeding brought against her in state court.  Smith names three defendants: (1) Judge Mark Partnow, the presiding judge in the state-court proceeding; (2) Alan J. Waintraub, the attorney for the state-court plaintiffs; and (3) Shay Krausz, who plaintiff says was the original lender on the loan underlying the state proceeding.  *See* Compl. 2-6 (Dkt. #1).  Plaintiff has paid the filing fee.  Dkt. #2.  As set forth below, the complaint is dismissed.

## BACKGROUND

     Plaintiff challenges a proceeding brought against her in New York state court, Index No. 508692/2017, seeking repayment of a $1,000,000 loan executed in June 2015.  Compl. 4-5.  Specifically, plaintiff alleges that Judge Partnow violated her "right to be fairly treated in the court of law" when he declined to dismiss the state-court action despite "improper service and lack of personal jurisdiction" and the fact that "the statute of limitation has expired" on the state-court plaintiffs' claims.  *Ibid.*  The complaint further alleges that Waintraub engaged in fraudulent conduct around the issuance of the loan in question and that Krausz violated the terms of that loan agreement.  *Id.* at 4-6.  Plaintiff seeks $3 million in damages and an order requiring "defendants

to cease and desist their claim for loan repayment." *Id.* at 6.  She also suggests that Judge Partnow "should recuse himself and dismiss case Index No. 508692/2017." *Id.* at 4.  The state court action resulted in a judgment of foreclosure against Smith, though several motions remain pending.  *See* https://iapps.courts.state.ny.us/webcivil/FCASSearch (last visited 11/10/22).

In a previous federal lawsuit, plaintiff alleged that Waintraub and Krausz's conduct around the June 2015 loan agreement violated the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, but this Court dismissed that claim as time barred.  *See Smith v. Mills*, No. 20-CV-2260 (RPK) (RLM), 2021 WL 4133867 (E.D.N.Y. Sept. 10, 2021), *aff'd sub nom. Smith v. Nassi*, No. 21-2748, 2022 WL 11555269 (2d Cir. Oct. 20, 2022).

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  At the pleading stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint.  *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Iqbal*, 556 U.S. at 678).  But the Court need not accept as true "legal conclusions." *Iqbal,* 556 U.S. at 678.  In addition, a *pro se* complaint is to be liberally construed*,* and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Even if a plaintiff has paid the filing fee, a district court may dismiss the case *sua sponte* if it determines that it lacks subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), or that the action is frivolous, *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir.

2000). "An action is 'frivolous' when either: (1) 'the "factual contentions are clearly baseless,"' such as when allegations are the product of delusion or fantasy;' or (2) 'the claim is "based on an indisputably meritless legal theory."'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (quoting, *inter alia*, *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

## DISCUSSION

Plaintiff's claims against defendants Waintraub and Krausz are dismissed for lack of subject matter jurisdiction. Plaintiff's claims against defendant Partnow are dismissed as frivolous.

### I.      Claims against Waintraub and Krausz

Plaintiff's claims against Waintraub and Krausz are dismissed for lack of subject matter jurisdiction. A federal court may *sua sponte* raise the question of whether it has subject matter jurisdiction over a case. *United Food & Comm. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). If a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). While a complaint filed by a *pro se* plaintiff must be liberally construed, *see Erickson*, 551 U.S. at 94, a *pro se* plaintiff must "still . . . establish[] that the court has subject matter jurisdiction over the action," *Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005).

Plaintiff has failed to establish that this Court has jurisdiction to hear her claims against Waintraub and Krausz. She invokes federal-question jurisdiction based on causes of action under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Compl. at 4.[*] A case falls within this Court's federal-question jurisdiction if a "well-pleaded complaint

---

[*] Plaintiff has not invoked the Court's diversity jurisdiction, *see* 28 U.S.C. § 1332, and nothing in the complaint indicates its requirements are satisfied. *See Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co., Inc.*, 772 F.3d 111, 118 (2d Cir. 2014) (Diversity requires that "all plaintiffs . . . be citizens of states diverse from those of all defendants.").

establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (citations omitted). A federal court lacks jurisdiction over a federal claim that "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction" or is "wholly insubstantial and frivolous." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (internal quotation marks omitted).

Here, even when the complaint is construed liberally, any cause of action alleged under Section 1983 or *Bivens* appears wholly insubstantial and frivolous. Section 1983 permits suit against any person who deprives another of "any rights, privileges, or immunities secured by the Constitution and laws." However, "[e]mbedded in our Fourteenth Amendment jurisprudence is a dichotomy between state action, which is subject to scrutiny under the Amendment's Due Process Clause, and private conduct, against which the Amendment affords no shield, no matter how unfair the conduct may be." *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988). Accordingly, "[w]hen Congress enacted § 1983 as the statutory remedy for violations of the Constitution, it specified that the conduct at issue must have occurred 'under color of' state law." *Ibid.*; *see Grogan v. Blooming Grove Volunteer Ambulance Corps*, 768 F.3d 259, 263-64 (2d Cir. 2014). As a result, suits may be brought against private individuals "if, [and] only if," a "close nexus [exists] between the State and the challenged action." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (quotation marks omitted). Plaintiff has not alleged any such nexus involving Krausz and Waintraub. Instead, plaintiff principally alleges that Krausz violated the terms of the underlying loan agreement and that Waintraub committed fraud by changing the name of the party who issued the loan without plaintiff's agreement—without any allegations suggesting those defendants' conduct "may be fairly treated as that of the State itself."

4

*Ibid.* (quotation marks omitted).  Accordingly, any Section 1983 claim set forth in the complaint is "wholly insubstantial and frivolous."  *Steel Co.*, 523 U.S. at 89 (citations omitted).

Any *Bivens* claim against Krausz and Waintraub is equally insubstantial and frivolous. *Bivens* recognized a federal "damages action against *federal officials*" for certain constitutional violations.  *Egbert v. Boule*, 142 S. Ct. 1793, 1799 (2022) (emphasis added); *see Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001) (explaining that *Bivens* permits suit against "individual federal officers").  The complaint alleges that Krausz and Waintraub are a "loan lender" and "his lawyer," respectively, Compl. 4—not federal officers subject to suit under *Bivens*.

Accordingly, plaintiff's claims against defendants Krausz and Waintraub are dismissed.

**II.      Claims against Judge Partnow**

Plaintiff's claims against Judge Partnow must likewise be dismissed.  Plaintiff asserts that Judge Partnow violated her "right to be fairly treated in the court of law" when he refused to dismiss the underlying state-court case for "improper service and lack of personal jurisdiction" and because "the statute of limitations ha[d] expired" on the state-court plaintiffs' claims. Compl. 4.  But plaintiff's claims against Judge Partnow are based solely on actions taken by the judge in his judicial capacity, Compl. 4-6, and judges have absolute immunity from suit for judicial acts performed in their judicial capacities.  *Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("[J]udicial immunity is an immunity from suit, not just from the ultimate assessment of damages.").  This absolute immunity "is not overcome by allegations of bad faith or malice," and a judge cannot "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Ibid.* (internal quotation marks omitted); *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). Accordingly, plaintiff's claims against Judge Partnow arising from his actions taken in his judicial capacity are dismissed as frivolous.  *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A

complaint will be dismissed as frivolous when it is clear that the defendants are immune from

suit.") (internal quotation marks omitted).

## CONCLUSION

The complaint is dismissed for lack of subject matter jurisdiction and as frivolous as set

forth above.  Plaintiff may file an amended complaint within 30 days.  The new complaint must

be captioned "Amended Complaint" and shall bear the same docket number as this order.  Plaintiff

is advised that the amended complaint will replace her original complaint.  All further proceedings

are stayed for 30 days.  If plaintiff does not file an amended complaint within 30 days, judgment

shall be entered dismissing the case.

The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order

to plaintiff and to note the mailing on the docket.

SO ORDERED.

/s/ Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated:  November 14, 2022
        Brooklyn, New York