UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
FLORENCE F. SMITH,

                                        **MEMORANDUM AND ORDER**
        Plaintiff,                             22-CV-5612 (RPK) (RLM)

     - against -

ALAN J. WAINTRAUB; MARK
PARTNOW and SHAY KRAUSZ,

        Defendants.
----------------------------------------------------------- X
RACHEL P. KOVNER, United States District Judge.

    *Pro se* plaintiff Florence F. Smith filed this action challenging a loan repayment proceeding brought against her in state court. Smith named three defendants: (1) Judge Mark Partnow, the presiding judge in the state-court proceeding; (2) Alan J. Waintraub, the attorney for the state-court plaintiffs; and (3) Shay Krausz, who plaintiff says was the original lender on the loan underlying the state proceeding. *See* Compl. 2–6 (Dkt. #1). In November, this Court dismissed the complaint for lack of subject matter jurisdiction and as frivolous and granted plaintiff leave to file an amended complaint within 30 days. *See* 11/14/22 Mem. & Order (Dkt. #11) ("November Order").

    Plaintiff has now filed an amended complaint raising the same basic claims against the same defendants. *See* Am. Compl. (Dkt #12). Plaintiff continues to challenge under Section 1983 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), the same state-court proceeding that was at issue in her original complaint. *Id.* at 4–6. She seeks "dismissal of all monetary gains from all cases filed by defendants" and an order directing "[d]efendants [to] cease and desist tracking [her] properties." *Id.* at 6. For substantially the reasons set out in the November Order, plaintiff's amended complaint is dismissed.

1

**STANDARD OF REVIEW**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the pleading stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Iqbal*, 556 U.S. at 678). But the Court need not accept as true "legal conclusions." *Iqbal*, 556 U.S. at 678. In addition, a *pro se* complaint is to be liberally construed and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Even if a plaintiff has paid the filing fee, a district court may dismiss the case *sua sponte* if it determines that it lacks subject-matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), or that the action is frivolous. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000). "An action is 'frivolous' when either: (1) 'the "factual contentions are clearly baseless," such as when allegations are the product of delusion or fantasy;' or (2) 'the claim is "based on an indisputably meritless legal theory."'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (quoting, *inter alia*, *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

**DISCUSSION**

Plaintiff's claims against defendants Waintraub and Krausz are dismissed for lack of subject-matter jurisdiction, and her claims against defendant Partnow are dismissed as frivolous.

Federal courts lack jurisdiction over a federal claim that "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction" or is "wholly insubstantial and

frivolous." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (internal quotation marks omitted). For the reasons set forth in the Court's November Order, plaintiff's federal claims under Section 1983 and *Bivens* against Waintraub and Krausz are "wholly insubstantial and frivolous," *ibid.*, because once again plaintiff has not alleged any facts indicating that Waintraub and Krausz are state actors or federal officials, *see* November Order 4–5.

Plaintiff's claims against Judge Partnow, meanwhile, are again based solely on actions taken in his judicial capacity, *see* Am. Compl. 4–6, and so are subject to absolute judicial immunity, *see* November Order 5–6; *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as frivolous when it is clear that the defendants are immune from suit.") (internal quotation marks omitted).

## CONCLUSION

The amended complaint is dismissed for lack of subject-matter jurisdiction and also as frivolous as set forth above. Because plaintiff's first amended complaint "contains the same defect[s]" identified in the November Order, *NRW, Inc. v. Bindra*, 775 F. App'x 22, 24 (2d Cir. 2019), I cannot conclude that plaintiff could reframe her claims to present a viable cause of action if given an additional opportunity. Accordingly, leave to file a second amended complaint is denied as futile. *Ibid.*; *see Terry v. Inc. Vill. of Patchogue,* 826 F.3d 631, 633 (2d Cir. 2016) ("[L]eave to amend need not be granted when amendment would be futile."); *Jackson v. Wells Fargo Home Mortg.*, 811 F. App'x 27, 30 (2d Cir. 2020) (affirming district court's denial of leave to amend where plaintiff "was already granted one unsuccessful opportunity to amend her pleading"), *cert. denied*, 141 S. Ct. 1381 (2021), *reh'g denied*, 141 S. Ct. 2587 (2021). The Clerk of Court is directed to enter judgment and close this case.

Although plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to plaintiff and to note the mailing on the docket.

SO ORDERED.

                                                */s/ Rachel Kovner*
                                                RACHEL P. KOVNER
                                                United States District Judge

Dated: December 20, 2022
Brooklyn, New York